**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **REMEMBER EVERYONE DEPLOYED, INC.,** a Florida not for profit corporation, **Plaintiff,** v. **AC2T, INC., d/b/a/ SPARTAN MOSQUITO, a** Mississippi corporation; and **JEREMY HIRSH, an individual,** **Defendants.** | **Case No.: 20-** cv-62355 |

**DEFENDANTS SPARTAN MOSQUITO AND JEREMY HIRSH'S NOTICE OF**
**REMOVAL**

**PLEASE TAKE NOTICE THAT** Defendants AC2T, Inc. d/b/a Spartan Mosquito ("Spartan Mosquito") and Jeremy Hirsh (collectively, the "**Defendants**"), through undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, remove the action captioned *Remember Everyone Deployed, Inc. v. AC2T, Inc. d/b/a/ Spartan Mosquito and Jeremy Hirsh,* Case No. 20-016220 (the "**State Court Action**") pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "**State Court**") to the United States District Court for the Southern District of Florida.  In support of this Notice of Removal, Defendants state:

**Procedural History and Plaintiff's Allegations**

1.      On October 1, 2020, Plaintiff Remember Everyone Deployed, Inc. ("**Plaintiff**") filed a complaint (the "**Complaint**") against the Defendants in the State Court. A copy of the Complaint is attached hereto as **Exhibit "A."**

2.      In the Complaint, the Plaintiff alleges that it has used certain phrases, marks, and designs (the "**Brands**") in connection with its business activities. Compl., ¶¶ 12-15. The Plaintiff

claims that it acquired the "common law [intellectual property] rights" for the Brands. *Id.* ¶ 16. The Plaintiff accuses the Defendants of misappropriating the Brands for the purposes of profiting and trading on the Plaintiff's goodwill. *Id.* ¶¶ 18-42.

3.       As a result of the Defendants' alleged conduct, the Plaintiff sued the Defendants for five counts: (1) trademark infringement under Florida common law; (2) Federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under Florida common law; (4) breach of contract; and (5) fraudulent inducement. *Id.* ¶¶ 43-89.

4.       On October 20, 2020, Plaintiff served the Complaint on the Defendants. A copy of the proof of service is attached hereto as **Exhibit "B."**

### Grounds for Removal

5.       Removal is appropriate because the Court has both original subject matter jurisdiction and diversity jurisdiction over this proceeding.

6.       *First,* removal is proper because the Court has original subject matter jurisdiction over the State Court Action. 28 U.S.C. § 1441(a). The federal question jurisdiction statute grants federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a federal statutory claim, the Plaintiff's Lanham Act claim qualifies as an action "arising under the laws of the United States." 15 U.S.C. § 1121 (providing Federal courts with original jurisdiction for Lanham Act actions); *see also Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 838 (11th Cir. 1983) (finding that Lanham Act confers district court with subject matter jurisdiction over Lanham Act claims). Since the Court has original jurisdiction over the Lanham Act claims, the Court has supplemental jurisdiction over the Plaintiff's other claims, too. 28 U.S.C. § 1141(c)(1) (Court can remove entire

action involving Federal statutory claims and other claims which the Court does not have original jurisdiction over). Therefore, the Court has federal question jurisdiction over the State Court Action.

7.      *Second,* removal is also proper because the Court has diversity jurisdiction over the State Court Action. 28 U.S.C. § 1441(b). The Court has diversity jurisdiction over actions where: (1) the amount in controversy exceeds $75,000; and (2) is between citizens of different states. 28 U.S.C. § 1332(a). The standard for establishing the $75,000 amount in controversy is lenient. A plaintiff's allegations may satisfy the amount in controversy requirement unless that recovery is legally impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-291 (1938). Here, the Plaintiff seeks damages in the amount of between $50,001 and $75,000. *See* State Court Civil Cover Sheet attached as **Exhibit "C**." However, when assessing whether the amount in controversy exceeds $75,000, the Court should consider the availability of compensatory damages, punitive damages, and projected attorneys' fees if that relief is available to plaintiff. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000). Here, in addition to damages in the amount of $50,000-$75,000, the Defendants claim they are entitled to attorneys' fees and treble damages under 15 U.S.C. § 1117. *See* Compl., 16-18. Clearly, even if the Court were to accept the low end of the Plaintiff's claim for compensatory damages ($50,000), the Plaintiff's claim for treble damages alone, without even considering attorneys' fees, pushes the amount at issue in the State Court Action beyond the $75,000 threshold. Therefore, the amount in controversy factor is satisfied. Further, there is no dispute that parties are diverse as the Plaintiff is a Florida entity and the Defendants are a company incorporated and headquartered in, and an individual who, are residents of Mississippi. *See* Compl., ¶¶ 2, 4, and 6. Accordingly, the Court has diversity jurisdiction over the State Court Action.

**The Procedural Requirements for Removal Have Been Satisfied**

8.      As defendants in this proceeding, the Defendants have the power to remove it to this Court. 28 U.S.C. § 1441(a).

9.      The Southern District of Florida is the proper district to remove the State Court Action as the State Court is within the jurisdictional confines of the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

10.     This case has been timely removed as the Defendants have filed this notice of removal within 30 days after being served with a copy of the summons and Complaint. 28 U.S.C. § 1446(b)(1).

11.     After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

12.     True and correct copies of all process, pleadings, and orders served on the defendants in the action pending in the State Court are attached hereto as composite **Exhibit "D."**

**Non-Waiver of Defenses**

13.     By removing the State Court Action from the State Court, Defendants do not waive any defenses available to them.

14.     By removing the State Court Action from the State Court, Defendants do not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendants ACT2T, Inc. d/b/a Spartan Mosquito and Jeremy Hirsh give notice of removal of the State Court Action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida.

Dated: November 18, 2020

**DLA Piper LLP (US)**

*/s/ Elan A. Gershoni*
Ryan D. O'Quinn (FBN 513857)
*ryan.oquinn@dlapiper.com*
Elan A. Gershoni (FBN 95969)
*elan.gershoni@dlapiper.com*
Janelly Crespo (FBN 124073)
*janelly.crespo@dlapiper.com*
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone:  305.423.8554
Facsimile:  305.675.7885

*Counsel for Defendants AC2T, Inc. d/b/a*
*Spartan Mosquito and Jeremy Hirsh*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or plaintiff either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Elan A. Gershoni*
Elan A. Gershoni

EAST\177570271.1