UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62355-STRAUSS

**REMEMBER EVERYONE DEPLOYED INC.,**

    Plaintiff,

v.

**AC2T INC.,** *et al.***,**

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**THIS MATTER** came before the Court upon Plaintiff's Verified Motion for Leave to Amend Complaint ("Motion") [DE 65]. The Court has reviewed the Motion, the Response [DE 67] and Reply [DE 69] thereto, all other related materials, and the record in this case. For the reasons discussed herein, the motion will be granted.

## BACKGROUND

On October 1, 2020, Plaintiff filed a five-count Complaint [DE 1-1] against Defendants in state court. The action was subsequently removed to this Court. *See* [DE 1]. On December 30, 2020, this Court entered an initial scheduling order [DE 16], which set a February 9, 2021 deadline to file motions to amend pleadings or join parties. Thereafter, Count IV of Plaintiff's initial Complaint (for breach of contract) was dismissed without prejudice, and Plaintiff was provided with an opportunity to file an amended complaint to remedy the issues with its breach of contract count. *See* [DE 28, 29]. Plaintiff's Amended Complaint [DE 38] was ultimately filed on May 11, 2021, in conformance with the Court's amended scheduling order [DE 34]. Defendants then

sought dismissal of certain counts of the Amended Complaint. *See* [DE 41]. Their motion to dismiss was denied on July 9, 2021. *See* [DE 50].

Also on July 9, 2021, this case was referred to me to conduct all further proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure [DE 49], upon the consent of the parties [DE 48]. Upon referral, the Court directed the parties to submit a proposed scheduling order [DE 51], and on July 16, 2021, the Court entered a further amended scheduling order [DE 53]. That order did not extend the deadline to join parties or amend pleadings. *See id.* at 1 n.1.

The following week (on July 23, 2021), the Court closed this case for administrative purposes only after the parties reached a settlement in principle. *See* [DE 54]. In doing so, the Court "terminated" all deadlines. *Id.* The Court also provided the parties with one month to file appropriate dismissal papers, noting that they could move to reopen the case if they were unable to complete their expected settlement. *Id.* The parties sought an 11-day extension of the Court's deadline to file dismissal papers, noting that they needed additional time to work through an "obstacle relate[d] to the inclusion of third parties in the settlement documentation and releases." [DE 55]. On September 3, 2021 (the extended deadline), the parties filed a Joint Motion to Reopen Case [DE 57], wherein they noted that they were unable to resolve the third-party obstacle. The Court then held a status conference on September 14, 2021, after which it entered an order reopening this case, setting amended pretrial deadlines, and setting a June 2022 trial date [DE 64]. The only deadlines that were reset/extended were those in the Court's prior amended scheduling order [DE 53]. Although this meant that the deadline to join parties and amend pleadings was not reset or extended, the Court did inquire at the September 14, 2021 status conference whether Plaintiff would be seeking to add the third-parties that presented the obstacle to the parties'

settlement. Plaintiff indicated it would seek to add them as defendants, and ten days later (on September 24, 2021), Plaintiff filed the Motion. Pursuant to the Motion, Plaintiff seeks leave to add those parties – Brennan Poole, On Point Motorsports, Inc., Premium Motorsports LLC, and Rick Ware Racing, LLC ("Poole Parties") – to three of the existing counts and to add a claim for copyright infringement against them.

## **LEGAL STANDARD**

When a party seeks leave to amend a pleading after the deadline set forth in a court's scheduling order, the party must satisfy both Rule 16(b)(4) and Rule 15(a) of the Federal Rules of Civil Procedure. *See AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 408 (11th Cir. 2020). In such a situation, "the plaintiff 'must first demonstrate good cause under Rule 16(b) before [courts] will consider whether amendment is proper under Rule 15(a).'" *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). *See also Lamothe v. Bal Harbour 101 Condo. Ass'n, Inc.*, 316 F. App'x 844, 846 (11th Cir. 2008) ("If a motion for leave to amend is filed after the deadline set in a scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure, the motion is governed first by Rule 16(b)." (citing *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir.2007))). Importantly, in most cases (including this case), Rule 16(b)(1) requires the issuance of a scheduling order, and Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order is issued, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also Smith*, 487 F.3d at 1366 ("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted."). "This good cause

standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *AMG Trade*, 813 F. App'x at 408 (quoting *Sosa*, 133 F.3d at 1418) (internal quotation marks omitted).

Under Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider several factors when ruling on a motion for leave to amend including "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1241 (11th Cir. 2009)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

## **DISCUSSION**

Although a close call, Plaintiff has established good cause to join the Poole Parties in three existing counts and to add the copyright infringement claim at this stage. Moreover, the Motion easily satisfies Rule 15.

Preliminarily, the parties dispute whether Rule 16's good cause standard applies in this situation. It does. The deadline to join parties and amend pleadings – with the exception of Plaintiff's breach of contract claim and alternative claims thereto – was on February 9, 2021. Nonetheless, Plaintiff insists that because the Court terminated deadlines when it administratively

closed the case, that had the effect of disposing of the February 9, 2021 deadline to join parties and amend pleadings. It did not. The purpose of terminating deadlines was two-fold. First, given that the parties appeared to have settled this matter, the Court did not want to require the parties to comply with upcoming deadlines while they attempted to finalize a settlement. In particular, the Court wanted to relieve Defendants from having to file their answer that was due on the day the case was administratively closed. Second, the Court included the "terminated" language to ensure that all internal CM/ECF pretrial deadlines were terminated in light of the administrative closure. But the termination of deadlines did not mean that the parties would go back to square one, with all expired pretrial deadlines being reinstated and reset, if the parties were unable to finalize their settlement. In essence, the Court administratively stayed only those deadlines that had not previously expired. It did not vacate those that had previously expired.[1] Therefore, given that the deadline to join parties and amend pleadings passed months before the Motion was filed, Rule 16's good cause standard must be satisfied.

At any rate, as indicated above, the Court finds that Rule 16 is satisfied. Defendants' primary argument that good cause does not exist is that Plaintiff was not diligent given that it acknowledges it was aware of the Poole Parties in October 2020. While Plaintiff was indeed aware of them at that time, it is evident that Plaintiff's understanding of the Poole Parties' actions has evolved at least somewhat over time and, in particular, that the breakdown in the parties' settlement negotiations – due to the issues surrounding the Poole Parties – is the catalyst that led to the instant Motion. Plaintiff's explanation is perhaps somewhat lighter than it should be to establish good

---

[1] Notably, the Court is in the best position to interpret its own order. *In re Managed Care*, 756 F.3d 1222, 1234 (11th Cir. 2014); *Alley v. U.S. Dep't of Health & Hum. Servs.*, 590 F.3d 1195, 1202 (11th Cir. 2009); *Cave v. Singletary*, 84 F.3d 1350, 1355 (11th Cir. 1996).

cause in ordinary circumstances, but Plaintiff understandably can only disclose so much about what occurred in conjunction with the parties' settlement discussions.

Nonetheless, Plaintiff acted diligently by filing the Motion only ten days after this case was reopened. Moreover, notwithstanding the February 2021 deadline to join parties and amend pleadings, the Court cannot ignore the stage this case is at. Notably, when that deadline was set, trial was scheduled for September 2021. Now, it is scheduled for June 2022, nine months later. By comparison, the Motion was filed seven months after the February 2021 deadline, and during two of those months, the case was administratively closed. Furthermore, Defendants just filed their Answer and Counterclaim eleven days before the Motion was filed, and a motion to dismiss the Counterclaim remains pending. Therefore, I find that good cause exists to allow the proposed joinder of parties and amendment at this time.

For similar reasons, I find that there has been no undue delay, bad faith, or dilatory motive, and allowing amendment will not cause undue prejudice to Defendants. In addition to the circumstances discussed above, I note that the universe of discovery will likely remain largely the same with the additional defendants and that no depositions have been conducted yet in this case.[2] Additionally, I find that Plaintiff has not repeatedly failed to cure deficiencies by amendments previously allowed. Finally, while I make no determination about whether a motion to dismiss the new copyright infringement count would be successful, I cannot conclude based on the present briefing that amendment to add the copyright count would be futile. Therefore, Rule 15 is satisfied.

---

[2] As soon as the Poole Parties appear, the parties are encouraged to move quickly with discovery. While the Court will likely enter a further amended scheduling order once the Poole Parties appear, the Court is unlikely to further extend any of the deadlines therein for the benefit of the current parties to this case.

## CONCLUSION

For the reasons discussed above, and with the Court being otherwise fully advised, it is **ORDERED and ADJUDGED** that the Motion [DE 65] is **GRANTED**. On or before **October 26, 2021**, Plaintiff shall separately file its Second Amended Complaint in accordance with Local Rule 15.1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of October 2021.

Jared M. Strauss
United States Magistrate Judge