UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-CV-62355-STRAUSS

**REMEMBER EVERYONE DEPLOYED INC.,**

    Plaintiff,

v.

**AC2T INC.,** *et al.***,**

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS AND STRIKE

**THIS MATTER** came before the Court upon Plaintiff's Motion to Dismiss Defendants' Amended Counterclaim and to Strike Improper Allegations and Exhibits ("Motion") [DE 82].  The Court has reviewed the Motion, the Response [DE 85] and Reply [DE 88] thereto, and all other pertinent portions of the record.  For the reasons discussed herein, the motion will be denied.

## BACKGROUND

On October 25, 2021, Plaintiff filed its nine-count Second Amended Complaint ("SAC") [DE 71] against Defendants.  Counts I-III of the SAC include claims for trademark infringement and unfair competition under federal and state law.  These claims are based on Defendants' alleged improper use of certain branding and logos in which Plaintiff asserts it has trademark rights.

Defendants, AC2T, Inc. d/b/a Spartan Mosquito and Jeremy Hirsch (collectively, "Defendants") filed their Answer to Second Amended Complaint, Affirmative Defenses, and Amended Counterclaims [DE 76] ("Answer" or "Counterclaim") on November 8, 2021.  Certain of Defendants' affirmative defenses allege that Plaintiff does not have trademark rights in the branding and logos at issue.  Additionally, Counts I and II of the Counterclaim effectively seek a

declaration that Defendants are not liable for the claims brought in Counts I-III of the SAC. However, Counts I and II of the Counterclaim appear to primarily seek such a declaration on the basis that Plaintiff lacks trademark rights in the branding and logos.

## **DISCUSSION**

Pursuant to the Motion, Plaintiff seeks dismissal of Counts I and II of the Counterclaim and also requests that the Court strike various paragraphs of, and exhibits to, the Counterclaim. With respect to the request for dismissal, Plaintiff contends that Counts I and II of the Counterclaim are mirror images of Counts I-III of the SAC and certain of Defendants' affirmative defenses. In other words, Plaintiff contends that Counts I and II of the Counterclaim serve no useful purpose because they raise issues that will already be addressed in this litigation through Counts I-III of the SAC and/or certain affirmative defenses that Defendants have alleged.

If a court determines that a declaratory judgment claim will not serve a useful purpose, it has discretion to dismiss, or not dismiss, the claim. *See Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, No. 18-CV-81606, 2019 WL 7376778, at *2 (S.D. Fla. Sept. 20, 2019); *Royal Palm Props., LLC v. Pink Palm Props., LLC*, No. 9:17-CV-80476, 2018 WL 1138304, at *2 (S.D. Fla. Mar. 2, 2018); *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216-17 (S.D. Fla. 2011). "To determine whether the declaratory judgment serves a useful purpose, courts should consider 'whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim.'" *Medmarc Cas. Ins.*, 783 F. Supp. 2d at 1217 (citation omitted).

Here, if the Court were to reach all issues presented by the SAC and Defendants' affirmative defenses, then Counts I and II of the Counterclaim would be redundant. However, there is no certainty that the Court will reach all such issues. For instance, while the issue of

Plaintiff's rights in the branding and logos may be reached through the SAC or Defendants' affirmative defenses, it is possible that the SAC may be disposed of without ever reaching this issue. Therefore, the Court cannot conclude at this stage that Counts I and II of the Counterclaim do not serve a useful purpose. *Cf. Brain Pharma, LLC v. Woodbolt Distribution, LLC*, No. 12-60141-CIV, 2012 WL 12845116, at *3 (S.D. Fla. July 23, 2012). Notably, other judges in this district have recognized that declaratory judgment counterclaims of non-infringement may serve a useful purpose. *See Pinnacle Advert.*, 2019 WL 7376778, at *2; *Royal Palm Props.*, 2018 WL 1138304, at *2. While the Court recognizes that Plaintiff has cited certain cases that have dismissed declaratory judgment counterclaims in similar situations, the Court nevertheless exercises its discretion to decline to dismiss Counts I and II of the Counterclaim (in line with the cases cited above).

The Court also declines to strike the allegations and exhibits at issue. Courts have broad discretion to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f); *see also Branch Banking & Tr. Co. v. Lichty Bros. Constr.*, 488 F. App'x 430, 434 n.2 (11th Cir. 2012); *Bethel v. Baldwin Cnty. Bd. of Educ.*, 371 F. App'x 57, 61 (11th Cir. 2010). Nonetheless, "a motion to strike is considered a drastic remedy and is often disfavored," and such a motion "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, 331 F.R.D. 434, 436-37 (S.D. Fla. 2019) (citations omitted); *see also Blake v. Batmasian*, 318 F.R.D. 698, 700-01 (S.D. Fla. 2017) ("[A] motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." (citation omitted)).

Here, Plaintiff contends that the allegations and exhibits at issue are redundant, immaterial, and/or impertinent. However, the Court cannot conclude that the allegations and exhibits at issue have no possible relationship to this matter, and they certainly do appear to have at least some connection. Moreover, Plaintiff has not shown (or argued) that it will be prejudiced if such allegations and exhibits are not stricken. Therefore, it would be improper for the Court to use Rule 12(f) to tamper with the pleadings. *See Martin v. PartsBase, Inc.*, No. 20-80235-CIV, 2020 WL 8226839, at *1 (S.D. Fla. Nov. 10, 2020) ("[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." (quoting *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1369 (S.D. Fla. 2004)). Additionally, Plaintiff's brief Rule 10(c)[1] argument – contending that screenshots and printouts from websites are not proper exhibits – fails to demonstrate that any of Defendants' exhibits should be stricken.

## CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** that the Motion [DE 82] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of February 2022.

Jared M. Strauss
United States Magistrate Judge

---

[1] *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").