UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-62355-JMS

REMEMBER EVERYONE DEPLOYED, INC., a
Florida not for profit corporation;

    Plaintiff,

v.

AC2T, INC., d/b/a/ SPARTAN MOSQUITO, a
Mississippi corporation; *et al.*;

    Defendants.
_____/

AC2T, INC., d/b/a/ SPARTAN MOSQUITO, a
Mississippi corporation; *et al.*;

    Counter-Plaintiffs,

v.

REMEMBER EVERYONE DEPLOYED, INC., a
Florida not for profit corporation;

    Counter-Defendant.
_____/

## PLAINTIFF'S NOTICE OF JOINT LIABILITY

Plaintiff, REMEMBER EVERYONE DEPLOYED, INC. ("Plaintiff" or "R.E.D."), through undersigned counsel and pursuant to the Court's Order Requiring Motion for Default Final Judgment or Notice of Joint Liability [DE 105], hereby files this Notice of Joint Liability as to Defendant On Point Motorsports, Inc. ("Defaulting Defendant" or "On Point"), and in support states as follows:

A. **Overview**

On March 1, 2022, Plaintiff secured a Clerk's Default as to Defaulting Defendant and Defendant Brennan Poole ("Poole").[1] [DE 104]. That same day, this Court entered an Order Requiring Motion for Default Final Judgment or Notice of Joint Liability. [DE 105]. In particular, the Order provided that "[w]here fewer than all named Defendants have defaulted **and** there are allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*." *Id*. at p. 2 (emphasis in original). Furthermore, and as explained in *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984), "even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."

Accordingly, because of the possibility of inconsistent liability between Defendants, particularly since Defaulting Defendant is similarly situated to some of the remaining, non-defaulting Defendants—namely Defendant AC2T, Inc., d/b/a Spartan Mosquito ("Spartan"), Defendant Jeremy Hirsch ("Hirsch"), and Defendant Poole—Plaintiff submits this Notice of Joint Liability.

B. **Brief Description of Allegations**

As to Defaulting Defendant, and Defendants Spartan, Hirsch, and Poole, the Second Amended Complaint [DE 71] alleges claims of: Trademark Infringement Under Florida Common Law (Count I); Federal Unfair Competition – 15 U.S.C. § 1125(a) (Count II); and Unfair

---

[1] On March 9, 2022, this Court granted Defendant Poole's Unopposed Motion to Set Aside the Clerk's Default. [DE 111]. Plaintiff therefore submits this Notice of Joint Liability as to Defendant On Point only.

Competition – Florida Common Law (Count III). Additionally, as to both Defaulting Defendant and Defendant Poole, Plaintiff also alleges a claim of: Copyright Infringement (Count IX).

The underlying and common factual bases for these claims is that Defaulting Defendant, which operated a professional NASCAR stock racing team, owned one of the vehicles driven by Defendant Poole. [DE 71] at ¶¶ 11, 15. Furthermore, Plaintiff alleges that it was on one of the vehicles and truck haulers owned by Defaulting Defendant, and driven by Defendant Poole, that Defendants Spartan and Hirsch caused Plaintiff's RED Branding to be placed alongside Defendant Spartan's logo. *Id*. at ¶ 36. Eventually, however, after Plaintiff had a falling out with Defendants Spartan and Hirsch, Plaintiff alleges that both Defaulting Defendant and Defendant Poole continued to aid the surreptitious tactics of Defendants Spartan and Hirsch by, among other things, continuing to market and display Plaintiff's RED Branding and also ceasing their promotion of Plaintiff's (.org) website and instead promoting Defendants Spartan and Hirsch's (.today) website. *Id*. at ¶¶ 45-47.

In light of these common and overlapping allegations, the claims against Defendants Spartan, Hirsch and Poole must be resolved first before a default judgment can be entered against Defaulting Defendant.

C. **Status of Other Defendants' Liability**

As of the filing of this Notice, Plaintiff's claims against the remaining Defendants, particularly as to Defendants Spartan, Hirsch and Poole, are still pending. Once liability against those Defendants is resolved, Plaintiff intends to move for entry of default judgment against Defaulting Defendant in accordance with this Court's Order. [DE 105].

Dated: March 10, 2022

**FELDMAN LAW**
Co-Counsel for Plaintiff
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
Telephone: (305) 445-2005
Primary: nkodsi@feldmandlawoffices.com
Secondary: afeldman@feldmanlawoffices.com

By: */s/ Neil D. Kodsi*
    Neil D. Kodsi, Esq.
    Florida Bar No. 11255

And as Co-Counsel,

**BRAVO LAW**
Co-Counsel for Plaintiff
1555 Bonaventure Blvd., Suite 157
Weston, FL 33326
Telephone: (954) 790-6711
Primary: efile@lawbravo.com
Secondary: gbravo@lawbravo.com

By: */s/ Gustavo A. Bravo*
    Gustavo A. Bravo, Esq.
    Florida Bar No. 551287

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties in the manner identified on the following Service List.

By: */s/ Gustavo A. Bravo*
Gustavo A. Bravo, Esq.
Florida Bar No. 551287

## SERVICE LIST
### CASE NO.: 20-cv-62355-JMS

| | |
|---|---|
| Neil D. Kodsi, Esq.<br>Florida Bar No.: 11255<br>NKodsi@FeldmanLawOffices.com<br>Andrew M. Feldman, Esq.<br>Florida Bar No.: 161969<br>AFeldman@FeldmanLawOffices.com<br>**FELDMAN LAW**<br>*Co-counsel for Plaintiff*<br>9100 S. Dadeland Blvd., Ste. 1500<br>Miami, Florida 33156<br>Telephone: (305) 445-2005<br><br>*Via CM/ECF* | Ryan D. O'Quinn, Esq.<br>Florida Bar No.: 513857<br>ryan.oquinn@dlapiper.com<br>Janelly Crespo, Esq.<br>Florida Bar No.: 124073<br>janelly.crespon@dlapiper.com<br>**DLA Piper LLP (US)**<br>*Counsel for Defendants, AC2T Inc. d/b/a Spartan Mosquito and Jeremy Hirsch*<br>200 S. Biscayne Blvd., Suite 2500<br>Miami, FL 33131<br>Telephone: (305) 423-8500<br><br>*Via CM/ECF* |
| Gustavo A. Bravo, Esq.<br>Florida Bar No.: 551287<br>efile@lawbravo.com<br>gbravo@lawbravo.com<br>**BRAVO LAW**<br>*Co-counsel for Plaintiff*<br>1555 Bonaventure Blvd., Suite 157<br>Weston, FL 33326<br>Telephone: (954) 790-6711<br><br>*Via CM/ECF* | Darren A. Heitner, Esq.<br>Florida Bar No.: 85956<br>darren@heitnerlegal.com<br>**HEITNER LEGAL, P.L.L.C**<br>*Attorney for Defendants PREMIUM MOTORSPORTS LLC and RICK WARE RACING, LLC*<br>215 Hendricks Isle<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 558-6999<br><br>*Via CM/ECF* |

| | |
|---|---|
| Dennis McQueen, Esq.<br>Admitted Pro Hac Vice<br>dam@pdhlaw.com<br>**PAGEL, DAVIS & HILL, PC**<br>*Attorneys for BRENNAN POOLE*<br>1415 Louisiana, 22nd Floor<br>Houston, Texas 77002<br>Telephone: (346) 320-0935<br><br>*Via CM/ECF* | ON POINT MOTORSPORTS, INC.<br>3410 Denver Drive<br>Denver, NC 28037<br><br>*Via U.S. Mail* |
| Steven M. De Falco<br>Fla. Bar No. 0733571<br>sdefalco@meuerslawfirm.com<br>**MEUERS LAW FIRM, P.L.**<br>*Attorneys for BRENNAN POOLE*<br>5395 Park Central Court<br>Naples, FL 34109<br>Telephone: (239) 513-9191<br><br>*Via CM/ECF* | |

-6-